ROTEK, INC., APPELLEE AND CROSS-APPELLANT, *v.* LIMBACH,
TAX COMMR., APPELLANT AND CROSS-APPELLEE.

[Cite as *Rotek, Inc. v. Limbach* (1991), 61 Ohio St.3d 408.]

(No. 90–1605—Submitted May 2, 1991—Decided August 14, 1991.)

*Jones, Day, Reavis & Pogue* and *John C. Duffy, Jr.,* for appellee and cross-appellant.

*Lee I. Fisher,* Attorney General, and *James C. Sauer,* for appellant and cross-appellee.

*Schottenstein, Zox & Dunn* and *Leonard A. Carlson,* urging affirmance and modification for *amici curiae,* Ohio Chamber of Commerce and Ohio Manufacturers' Association.

---

*Per Curiam.* For the reasons which follow, the decision of the BTA is affirmed in part, reversed in part and remanded.

In *Rotek, Inc. v. Limbach, supra,* 50 Ohio St.3d at 84, 552 N.E.2d at 643, we held:

"The permissive tax was *not* properly assessed. The decision of the BTA to the contrary is unreasonable and unlawful and is hereby reversed." (Emphasis added.) The BTA, in finding that the permissive tax was proper, misinterpreted this holding and its decision in that regard is reversed.

In *Rotek, supra,* at 81, 552 N.E.2d at 640, we identified the "assessed items" to include machine foundations, service and exhaust pits, metal floor plates, craneway columns and column foundations, ingot and storage racks, holding tanks, conduit, cable, and an electrical substation.

The BTA, attempting to comply with our mandate, identified the items at issue to include only a punch press foundation, ring rolling mill pits and pit covers, craneway column foundations and supports, and holding tanks and furnace exhaust systems. The BTA found that those items were "incorporated into structures" and "erroneously assessed." The BTA erred in failing to decide whether the additional items, namely, ingot and storage racks, craneway columns, conduit, cable and the electrical substation, were also incorporated into structures and erroneously assessed.

With regard to the electrical substation, Rotek contends that items of personal property were incorporated, under the referenced contracts for construction or modification, into a structure; and that such items became real property and were entitled to exception under R.C. 5739.01(B).

The Tax Commissioner argues that our mandate did not refer to the electrical substation and that Rotek should have raised its argument in a

motion for rehearing under Rule IX, Rules of Practice of the Supreme Court of Ohio.

The BTA may have been misled by our references in *Rotek, supra,* to "assessed items," as earlier identified, "items purchased under the Austin construction contract," "items in question" and "the property in question," or by our analysis of the issue of exception for "adjunctive use" as urged by Rotek.

Nevertheless, the BTA failed to decide whether items of tangible personal property involved in the Hatfield Electric Company contract, for initial construction, and the Electrical Equipment Company contract, for modification, of the electrical substation, were "incorporated into a structure or improvement on and becoming a part of real property" so as to qualify for the R.C. 5739.01(B) exception.

We hold that the assertions of error by the Tax Commissioner are not well taken and are overruled, and, in that regard, the decision of the BTA is neither unreasonable nor unlawful and is affirmed. We hold that the errors asserted by Rotek are well taken, and to that extent the decision of the BTA is unreasonable and unlawful. Accordingly, the decision of the BTA is reversed in part and remanded to the BTA to determine whether the additional "assessed items," as described above, including those items, if any, which were acquired in connection with the construction or modification of the electric substation, were "incorporated into structures" and erroneously assessed.

*Decision affirmed in part,*
*reversed in part*
*and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.